IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

JAN - 7 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-86-BLG-SPW |
| Plaintiff/Respondent, | CV 18-50-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| DUSTIN ALEC HAGBERG, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Dustin Alec

Hagberg's motion to vacate, set aside, or correct his sentence, pursuant to 28

U.S.C. § 2255. Hagberg is a federal prisoner proceeding pro se.

## I. Background

On August 10, 2018, the Court issued an order explaining it was reviewing

Hagberg's claims under Rule 4(b) of the Rules Governing § 2255 Proceedings.

Because the claims involved only matters that were not litigated, the Court could

not say Hagberg was conclusively not entitled to relief. But neither did his claims

appear strong enough to warrant the appointment of counsel and formal discovery

or an evidentiary hearing.

Instead, the Court struck a middle course, requiring the United States to

"take other action," Rule 4(b), § 2255 Rules, by filing an affidavit from Hagberg's

1

counsel, *see* Rule 7, § 2255 Rules. *See, e.g., United States v. Rodriguez-Vega*, 797 F.3d 781, 791-92 (9th Cir. 2015). A protective order was also entered. *See* Order (Doc. 47) at 3–4 ¶¶ 4–6.

Hagberg's counsel responded on September 5, 2018. Hagberg was given an opportunity to reply, *see* Order (Doc. 47) at 3 ¶ 2, but he did not do so.

## II. Proceedings in the Criminal Case

On August 19, 2016, a grand jury indicted Hagberg on one count of possessing 50 grams or more of a substance containing methamphetamine, with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). *See* Redacted Indictment (Doc. 4). Assistant Federal Defender Gillian Gosch was appointed to represent Hagberg. *See* Order (Doc. 11). If convicted under the indictment, Hagberg faced a mandatory minimum penalty of five years in prison and a maximum penalty of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(viii).

On October 18, 2016, the parties filed a fully executed plea agreement. Hagberg agreed to plead guilty to a superseding information charging him with possessing methamphetamine with intent to distribute it. He faced no mandatory minimum penalty and a maximum penalty of 20 years. *See* 21 U.S.C. § 841(b)(1)(C); Plea Agreement (Doc. 21) at 2 ¶ 2. The United States agreed to dismiss the indictment and to recommend a three-level reduction for acceptance of responsibility. Both parties agreed the base offense level should be at least 26. *See*

2

Plea Agreement at 2 ¶ 2, 6 ¶ 6.

At sentencing, the Court adopted the presentence report without change. The advisory guideline range was 70 to 87 months. Hagberg was sentenced to serve 70 months in prison, concurrent with his state cases, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 41) at 2-3; Statement of Reasons (Doc. 42) at 1 §§ I, III.

Hagberg did not appeal. His conviction became final on March 30, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Hagberg timely filed his § 2255 motion on March 2, 2018. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Hagberg claims that counsel was ineffective in various respects. These claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Hagberg must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

### A. Suppression Motion

Hagberg contends that counsel should have filed a motion to suppress. *See*

Mot. § 2255 (Doc. 44) at 7, 8. Counsel's response demonstrates that there was no reasonable basis for a suppression motion. Neither the record nor Hagberg's current allegations suggest a factual basis to contest the events that culminated in Hagberg's arrest: (a) Hagberg placed a 911 call to obtain emergency treatment for his girlfriend because she had ingested hallucinogenic mushrooms and was in distress; (b) responding officers saw what they believed to be contraband in plain sight, (c) obtained a search warrant, and (d) discovered contraband in executing that warrant; they (d) applied for and obtained a second search warrant, resulting in discovery of more evidence of drug trafficking activity; and (e) they applied for and obtained a third search warrant. *See* Counsel Resp. (Doc. 48-1) at 2–3 ¶¶ 4–5; *see also, e.g.*, Pretrial Discovery (Doc. 48-4) at 13–15, 28–39.

Hagberg contests point (b). He asserts that the dried substance an officer saw on a spoon was not drug residue but yogurt, and the torch lighter spotted nearby was just a torch lighter. *See* Mot. § 2255 (Doc. 44) at 7; Mot. for Discovery (Doc. 46) at 2; *see also* Presentence Report ¶ 6. But police are not required to verify the truth of their inferences before they apply for a warrant. They are only required to accurately report their observations and explain their inferences to an impartial magistrate. And "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence

of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

There is no reason to believe the warrants here were invalid. As counsel says, "the officer viewed items in plain view that *the officer believed* were indicative of drug use." Counsel Resp. (Doc. 48-1) at 2 ¶ 4 (emphasis added). Even if laboratory testing proved that what the officer saw really was yogurt, that fact would not make the officer's inference that it was drug residue unreasonable, nor would it invalidate any of the warrants.

Neither prong of the *Strickland* test is met. This claim is denied.

## B. Evidence

Hagberg also contends that counsel did not "tell [him] all the evidence that was against him" and "refused [his] request for a copy of all the evidence against him," including phone records and a DVR. *See* Mot. § 2255 at 7; *see also* Pretrial Discovery (Doc. 48-5) at 34. It is not evident why phone records or a DVR were relevant. The critical evidence consisted of methamphetamine, safes, cash, packaging materials, a police scanner, security cameras, a large amount of psilocybin mushrooms, and statements by Hagberg's girlfriend. *See, e.g.*, Pretrial Discovery (Doc. 48-4) at 15–16; Misc. Correspondence (Doc. 48-5) at 91–93; Offer of Proof (Doc. 23) at 3–4; Presentence Report ¶ 6–9. At any rate, counsel avers that she and/or her team reviewed with Hagberg all the discovery the United

States produced. *See, e.g.*, Counsel Resp. (Doc. 48-1) at 3–4 ¶ 7; Case Diary (Doc. 48-2) at 7–8; Misc. Correspondence (Doc. 48-5) at 43. Hagberg does not identify any fact or evidence he was not aware of before he pled guilty.

Neither prong of the *Strickland* test is met. This claim is denied.

### C. Advice re: Likely Guideline Range

Finally, Hagberg claims he pled guilty because counsel told him his advisory guideline range would be 210 to 262 months if he were convicted at trial. *See* Mot. § 2255 (Doc. 44) at 7–8. Counsel, by contrast, avers that she "provided an estimate of 92 to 115 months based on an offense level of 26 and a criminal history category IV." Counsel Resp. (Doc. 48-1) at 4 ¶ 8. With the guilty plea, she explains, Hagberg avoided any mandatory minimum sentence, and ultimately, the offense level was 23 (a base of 26 minus three levels for acceptance of responsibility), resulting in the applicable advisory guideline range of 70 to 87 months. *See id.* at 4–5 ¶¶ 8–9; Plea Agreement (Doc. 21) at 2 ¶ 2, 6 ¶ 6.

Hagberg claims counsel lied to induce him to plead guilty. It is not clear why his attorney would be so concerned that he should plead guilty. But, at any rate, Hagberg fails to explain why it would have been reasonable for him to choose to go to trial.

The question is not whether it would be reasonable for a person who thought he would be sentenced to 210 to 262 months if convicted at trial to plead guilty for

the sake of a sentence between 70 and 87 months. The question is whether there is a reasonable probability that a *correctly advised* person in Hagberg's position would have chosen to go to trial or whether, instead, he would have gone to trial but for counsel's errors. *See Strickland*, 466 U.S. at 694. That decision requires consideration not only of counsel's advice about the sentence but also of the quality of the prosecution's case. *See Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (reasoning that "gross mischaracterization of the likely outcome . . . *combined with* . . . erroneous advice on the possible effects of going to trial" may render guilty plea involuntary (emphasis added)).

At trial, the United States would have put highly pure methamphetamine on the table and called Hagberg's girlfriend to testify that he distributed it to others. Neither the record of the case, nor the materials filed by counsel, nor Hagberg's current allegations suggest a defense or any outstanding factor that might have undermined the effect of this evidence. A reasonable person facing such a high probability of conviction would not risk a sentence between 92 and 115 months when a guilty plea would reduce the range to 70 to 87 months.

Even assuming—solely for the sake of argument—that counsel told Hagberg his sentencing range would be 210 to 262 months, the second prong of the *Strickland* test is not met. This claim is denied.

7

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Hagberg's claims do not meet even the relatively low threshold required for a COA. His argument about a suppression motion misunderstands the level of certainty required to support a search warrant. He does not identify any fact about his case he did not know before he pled guilty. And, even assuming counsel grossly mischaracterized the likely sentencing range upon conviction (which is doubtful), Hagberg does not explain why a reasonable person correctly advised about the likely advisory guideline ranges might reasonably have chosen to stand trial against a strong prosecution case and high probability of conviction.

There is no close question and no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hagberg's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 44) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Hagberg files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-50-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Hagberg.

DATED this _7th_ day of January, 2019.

Susan P. Watters
United States District Court